This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 32,217**

**MARCO GONZALES-CANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT BERNALILLO OF COUNTY**
**Samuel L. Winder, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals his conviction of DWI, contending that the trial court erred in refusing his defense of duress. We proposed to affirm. Defendant has timely responded to our proposal. We have considered his arguments and, finding them unpersuasive, we affirm the conviction.

In our notice, we proposed to agree with the district court, which on appeal concluded that Defendant had not satisfied the third element of the duress defense as set forth in *State v. Rios*, 1999-NMCA-069, ¶ 17, 127 N.M. 334, 980 P.2d 1068. That element requires that the defendant have no "reasonable legal alternative (in other words, he could not have reasonably avoided the threatened harm or the criminal conduct in which he engaged)." *Id.*

In our notice, we pointed to the evidence indicating that Defendant had a reasonable alternative to escaping the threat rather than driving away. Defendant argues that those alternatives were not reasonable. First, Defendant points out that all of the other guests scattered to their vehicles when the fight escalated with weapon-wielding attackers. Thus, it was reasonable for him to do the same thing. While it might have been reasonable to seek safety in his vehicle, he did not show that he needed to drive away. Second, he argues that the house was not a safe haven as everyone else had left. That is not strictly true as the owner of the house and hostess

2

of the party returned to the house with a friend after the attack. Thus, the house was not an empty trap as suggested by Defendant. Third, he argues that running to the house was not a reasonable alternative because he would have had to get inside a fenced yard and into the house with attackers chasing him. Again, there was no evidence that the attackers would have pursued him to the house.

Defendant argues that the inferences made by the district court based on the evidence presented were not reasonable and that the only reasonable inference is that Defendant's only reasonable escape from the attackers was to get in his vehicle and drive away. We disagree. There were reasonable alternatives to driving. Defendant could have sought refuge in his vehicle without driving, or he could have run back to the house. There was no evidence that the attackers pursued anyone after everyone scattered. In fact, it appears that the attackers returned to their vehicle as well and left the scene.

We agree with the district court that there were other reasonable means of escaping rather than driving away from the scene. Thus, Defendant failed to establish the elements required for his claimed defense of duress.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

3

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**